UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Janet Hubley,<br><br>                    Plaintiff,<br>    v.<br><br>Collections Unlimited, Inc. of Texas; and<br>DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 1:14-cv-13737<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Janet Hubley, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq., and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Janet Hubley ("Plaintiff"), is an adult individual residing in Holbrook, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Collections Unlimited, Inc. of Texas ("Collections"), is a Texas business entity with an address of 2000 South Dairy Ashford, Suite 680, Houston, Texas 77077,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Collections and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Collections at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Collections for collection, or Collections was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Collections Engages in Harassment and Abusive Tactics

12. Within the last year, Collections contacted Plaintiff in an attempt to collect the Debt.

13. Collections placed calls to Plaintiff at the excessive rate of over three calls per day.

14. Furthermore, during a conversation with Plaintiff a collector named "Mr. Bell" called Plaintiff a loser and stated "people like you do not pay your bills".

15. Collections' excessive calls and rude and abusive behavior caused Plaintiff significant anxiety and concern.

### C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

27. The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

28. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Massachusetts state law.

32. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced phone calls.

33. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

36. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 30, 2014

                                Respectfully submitted,

                                By   /s/ Sergei Lemberg

                                Sergei Lemberg (BBO# 650671)
                                LEMBERG LAW, L.L.C.
                                1100 Summer Street, 3rd Floor
                                Stamford, CT 06905
                                Telephone: (203) 653-2250
                                Facsimile:  (203) 653-3424
                                Attorneys for Plaintiff